Geo. W. Headley and Others *v.* Thos. H. Simmons, etc.

**Infants—Sale of Real Estate for Reinvestment—If Sale Void Purchaser Entitled to Land Purchased with Proceeds.**

Where an infant's real estate is sold for reinvestment and the proceeds reinvested in other lands, in the event the sale shall be adjudged to be void the purchaser of the infant's land is entitled to the property in which the proceeds has been invested.

APPEAL FROM LOGAN CIRCUIT COURT.

March 12, 1872.

Opinion of the Court by Judge Pryor:

Mrs. Susan Williams and her husband both united with J. M. Morrow as guardian of their infant children in the original petition for the sale of the land in controversy.

The object in filing the petition was to enable them to sell the land and remove from this State to Missouri, where investments might be made of the proceeds of sale for the benefit of all concerned.

The commissioner sold the entire tract of land and the court below, as well as all the appellants, seemed to have regarded it as a sale of the interests of all the parties having any right or title under the deed to Mrs. Williams from her father.

When this land was sold the commissioner of the Logan circuit court, after appropriating a part of the purchase money in buying a wagon and other articles of property to enable the family to remove from Kentucky, proceeded to Missouri and made an investment of the money in a house and lot in the town of Car-

rollton in that State. The deed to this property was made to Mrs. Williams and her children, the appellants, and held by them in the same manner as was the land sold in Kentucky; that is, "to Mrs. Williams for life, with the remainder to her children."

The commissioner was authorized to make the investment by the Logan circuit court, and all of his acts were directed and approved by that tribunal.

This original suit was filed in August, 1854. In March, 1865, the former guardian of the children, J. M. Morrow, filed a petition in the Logan circuit court alleging various defects in the proceeding of August, 1854, under which the land of Mrs. Williams and her children was sold, and by reason of various amendments to the act authorizing sales of infants' real estate asked to have the defects cured and the sale under the judgment of 1854 confirmed.

The court below adjudged that the infants having arrived at full age, the relation of guardian and ward ceased to exist between them and Morrow, and for that cause that petition was dismissed and the judgment, or order of dismissal, upon an appeal, was affirmed by this court on the same ground.

The sale under the judgment of 1854 was never canceled nor the purchaser disturbed in his possession; so far as this record shows, that judgment is in full force and unreversed at this time.

This court in the opinion rendered in the suit instituted in March, 1865, for the purpose of curing certain alleged errors in the suit of 1854, does say "that there were many fatal errors in that record," but did not disturb the judgment rendered in that case so as to affect the rights of the purchaser.

This court, as well as the court below, adjudged only that Morrow had no right to bring the action—the present suit in equity from which this appeal is taken is brought by the children of Mrs. Williams to recover the land upon the idea, that the sale under the judgment of 1854 was void, and that they have the immediate right to the possession of the property.

The mother of these appellants is still living, and we perceive nothing in all the records made part of the present suit by which she (or her vendees) has been divested of her life estate in this land. She never abandoned her right to the property, by giving

it to her children or surrendering it to any one else, except in the manner as charged in the present petition. The only abandonment of her right to the land or its possession was the sale made in 1854, by which she obtained the means to enable her and the present appellants, who were then infants, to remove to Missouri and make investments of their monies in other lands.

This action on her part, instead of evidencing an abandonment, shows an evident intention to hold and assert her claim to her life estate in the land conveyed by her father. It was never intended by the grantor that a removal from the premises conveyed should work a forfeiture of his daughter's right, and such is not the meaning of the language used.

If we concede the right of the appellants to recover (which we do not now decide) the mother having a life estate in the land, the appellants would not be entitled to the possession until their mother's death.

The petition also fails to make to the appellee a tender of the money paid for the land, or to divest themselves of the title to the Missouri property by making the deed to the appellee, who certainly would be entitled to it, in the event the sale to him under the judgment of 1854 is adjudged to have passed no title.

The sale, if defective, is not void, but voidable as was decreed by this court in the case of             v. McGrath, 1 Duvall, 349—if so, the appellants having been parties to the original suit for the sale of the land can prosecute their appeal, or obtain relief by a petition in the nature of a bill of review subject to the limitations and restrictions placed upon such proceedings.

The petition was defective, and the demurrer properly sustained.

The judgment is affirmed.

*Bevier & Grubbs, for appellants.*

*Bowden, for appellees.*